**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:21-cv-21785-KMM

MARIO MARANON,

    Plaintiff,

v.

SCOTTSDALE INSURANCE CO,

    Defendant.

_____ /

**REPORT AND RECOMMENDATIONS**

    **THIS CAUSE** is before the Court upon Defendant Scottsdale Insurance Company's Motion for Bill of Costs (ECF No. 49) and Memorandum of Law in Support of Bill of Costs (ECF No. 50). Plaintiff Mario Maranon failed to file a response, and the time to do so has passed; the Motion is unopposed. The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation (ECF No. 51). Having considered the Motion, the record as a whole, and being otherwise duly advised in the premises, and the Motion being unopposed, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 49) be **GRANTED in part** and **DENIED in part** as further set forth below.

**I.    BACKGROUND**

    This action arose from the alleged breach of an insurance policy that Defendant issued to Plaintiff for his dwelling located at 1715 West 64th Street, Hialeah, Florida 33102 (the "Property").

    As set forth in the district court's Order (ECF No. 45) granting summary judgment in favor

1

of Defendant, Plaintiff initiated this action on March 1, 2021, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Plaintiff alleged that Defendant breached its insurance contract with Plaintiff when it denied Plaintiff's claim for water damage to the Property. According to Plaintiff, the Property "sustained a covered loss as a result of [a] sudden and accidental failure of [the] plumbing system" on February 15, 2020, when the Property was covered by Defendant's policy (effective from April 24, 2019 to April 24, 2020). Plaintiff sought judgment in the amount of $266,235.07 for damages sustained by the Property as a result of the alleged loss. On May 11, 2021, Defendant removed the case to this Court, invoking the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

On February 4, 2022, Defendant moved for summary judgment, arguing that Plaintiff could not present evidence of any direct physical damage to the Property caused by water overflow or discharge during the policy period. (ECF No. 29). The district court granted the motion on April 11, 2022 (ECF No. 45), finding that the record was "bereft of any facts that a direct physical loss occurred within the Policy period." (*Id.* at 11). The district court subsequently entered Final Judgment in favor of Defendant, and against Plaintiff, on April 25, 2022 (ECF No. 46). Defendant's Motion followed.

**II.   DISCUSSION**

In its Motion for Bill of Costs (ECF No. 49) and again in its Verified Motion to Tax Attorney's Fees and Costs (ECF No. 52), Defendant seeks an award of costs, pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

Defendant, as the prevailing party, is entitled to recoup costs associated with the litigation. Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*,

480 F.3d 1265, 1276 (11th Cir. 2007). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted); *see also Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, No. 1:19-CV-21289, 2020 WL 6585873, at *7 (S.D. Fla. Sept. 11, 2020) (noting that a party cannot receive any costs under § 768.79 beyond those already awarded under § 1920 (citation omitted)), *report and recommendation adopted*, No. 19-21289-CIV, 2020 WL 6581641 (S.D. Fla. Nov. 10, 2020). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

Defendant here seeks to recover a total of $2,442.04 in costs, consisting of (1) $1,760.90 in court reporter, transcription, and interpreter fees, (2) $80.00 in witness fees, (3) $177.00 in fees for the service of subpoenas, (4) $402.00 in filing fees, and (5) $22.14 in copying fees.

**A.     Fees for Court Reporter, Transcription, and Interpreter Services.**

Defendant seeks $1,760.90 in court reporter, transcription, and interpreter fees in

connection with the depositions of Plaintiff, Benito Alvarez, Don Wilcox, Daniel Bello, and Grant Renne. The cost of deposition transcripts is taxable under 28 U.S.C. § 1920(2), so long as the transcripts were "necessarily obtained for use in the case." *EEOC v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

Not all deposition costs, however, are recoverable. Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("§ 1920 does not authorize recovery of costs for shipment of depositions"); *Garden-Aire Vill. S. Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013).

First, and accounting for a duplicate invoice submitted for Plaintiff's deposition, *see* (ECF No. 49 at 6, 9), the Court calculates that Defendant has submitted invoices totaling $1,635.90 for the $1,760.90 in court reporter, transcription, and interpreter costs sought. Defendant may not seek an award of costs that is unsupported by evidence; thus, Defendant may not be awarded more than $1,635.90 in costs for court reporter, transcription, and interpreter fees.

Second, the Court finds that, in failing to respond to Defendant's request for costs, Plaintiff

4

fails to dispute that any of the deposition transcripts ordered were not necessarily obtained for use in this case. Thus, Defendant may recover costs associated with the depositions of Plaintiff, Benito Alvarez, Don Wilcox, Daniel Bello, and Grant Renne, up to $1,635.90. Nonetheless, the Court reviews each invoice for whether Defendant may properly be awarded the costs sought under § 1920 and Rule 54(d).

For the deposition of Plaintiff, Defendant seeks a total of $595.20, consisting of $425.00 in appearance and interpreter fees, (ECF No. 49 at 6), and $170.20 in connection with the deposition transcript, (ECF No. 49 at 10). Defendant may properly recover the full amount of the $425.00 invoice, which details costs associated with appearance fees, and a Spanish language interpreter service, because court reporter appearance fees are recoverable and because § 1920(6) provides that the "compensation of interpreters" is a taxable cost. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1259 (S.D. Fla. 2013) (noting that "[t]he cases that have permitted court reporter appearance fees reason that it is necessary for the court reporter to appear and record the testimony, and then to subsequently prepare the deposition transcript" and thus permitting recovery of such fees); *Garcia v. J & J, Inc.*, No. 19-CV-60728, 2021 WL 633377, at *8 (S.D. Fla. Feb. 1, 2021), *report and recommendation adopted sub nom. Garcia v. J&J, Inc.*, No. 19-CV-60728, 2021 WL 616529 (S.D. Fla. Feb. 17, 2021); *see also Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1321 (S.D. Fla. 2012) (recommending an award for interpreter fees incurred attendant to a deposition).

However, Defendant may not recover $10.00 for "Lit Support Package-Mini-PDF-PTX-XMEF" identified in the $170.20 invoice. *See Birren v. Royal Caribbean Cruises Ltd.*, No. 20-CV-22783, 2022 WL 6776362, at *5 (S.D. Fla. Sept. 15, 2022), *report and recommendation adopted*, No. 20-CV-22783, 2022 WL 6733320 (S.D. Fla. Oct. 11, 2022) (declining to award

5

$30.00 for an unexplained cost of "Litigation Support Pkg." identified in an invoice). Thus, I recommend that the award of costs in connection with Plaintiff's deposition be reduced by $10.00.

For the deposition of Benito Alvarez, Defendant seeks $254.75 in costs. (ECF No. 49 at 5). The relevant invoice identifies nontaxable costs of $10.00 for "Lit Support Package-Mini-PDF-PTX-XMEF" and $27.50 charge for shipping. *See Watson*, 492 F. App'x at 997; *Birren*, 2022 WL 6776362, at *5. Therefore, I recommend that the award of costs to Defendant for Mr. Alvarez's deposition be reduced by $37.50 to $217.25.

For the depositions of both Don Wilcox and Daniel Bello, Defendant seeks $270.00 in costs in connection with two certificates of nonappearance ($135.00 per certificate of nonappearance). (ECF No. 49 at 7–8). These costs are recoverable. *Mid-Continent Cas. Co. v. JWN Constr., Inc.*, No. 17-80286-CV, 2019 WL 8402872, at *6 (S.D. Fla. July 29, 2019), *report and recommendation adopted*, No. 9:17-CV-80286, 2019 WL 8402871 (S.D. Fla. Dec. 5, 2019), *aff'd*, 823 F. App'x 923 (11th Cir. 2020) ("Certificates of non-appearance are taxable so long as the deposition in question was necessary."). Thus, I recommend that Defendant be awarded $270.00 in connection with the certificates of nonappearance for the depositions of Don Wilcox and Daniel Bello.

And for the deposition of Grant Renne, Defendant seeks $380.95 in connection with the deposition transcript, (ECF No. 49 at 4), and $135.00 in appearance fees, (ECF No. 49 at 3), for a total of $515.95. Defendant may recover the requested $135.00 in appearance fees. *Joseph*, 950 F. Supp. 2d at 1259. However, Defendant may not recover $10.00 in costs for "Lit Support Package-Mini-PDF-PTX-XMEF", or $3.60 in exhibit-related fees. *Birren*, 2022 WL 6776362, at *5; *Garden-Aire*, 2013 WL 12086655, at *2. Thus, I recommend that the award of costs in connection with Mr. Renne's deposition be reduced by $13.60.

In total, I recommend that Defendant be awarded $1,578.40 in costs associated with court reporter fees, transcription, and interpreter fees.

### B. Fees for Service of Process/Subpoenas.

Next, Defendant seeks $177.00 in fees for service of subpoenas, consisting of: (1) $66.00 for the service of a subpoena on Don Wilcox; (2) $51.00 for the service of a subpoena on Benito Alvarez; and (3) $60.00 for the service of a subpoena on Grant Renne. (ECF No. 49 at 14–16).

Under 28 U.S.C. §§ 1920 and 1921, private process server fees may be taxed so long as the taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes. *See EEOC*, 213 F.3d at 624. Section 1921(b) states that the Attorney General shall prescribe the fees to be taxed and collected under subsection 1921(a). "Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b). Private process fees may be taxed but must not exceed the $65.00 amount charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).

Only one of Defendant's subpoenas exceeds the rate charged by the U.S. Marshal, by $1.00. Accordingly, I recommend that Defendant be permitted to recover $176.00 for service of subpoena costs.

### C. Fees for Witnesses.

Defendant seeks an award of $80.00 in witness fees. The cost of witness fees is taxable under 28 U.S.C. § 1920(3). The amount that can be taxed for witness fees is limited by 28 U.S.C. § 1821, which "permits a witness payment of $40 per day for attendance in court or at a deposition, a common carrier travel expense or a mileage allowance, a per diem subsistence allowance if an

7

overnight stay at the place of attendance is required, and other miscellaneous expenses, such as tolls, parking fees, and taxicab fares." *Transatlantic Lines, LLC v. Portus Stevedoring LLC*, No. 14-60528-CIV, 2016 WL 11547976, at *4 (S.D. Fla. Jan. 13, 2016), *report and recommendation adopted*, No. 14-60528-CIV, 2016 WL 11547727 (S.D. Fla. Feb. 11, 2016). "Expert witnesses are treated the same as non-expert witnesses for purposes of taxing costs." *Higgs v. Costa Crociere S.P.A. Co.*, No. 15-60280-CIV, 2016 WL 4370020, at *3 (S.D. Fla. Apr. 28, 2016), *report and recommendation adopted*, No. 15-60280-CIV, 2016 WL 4370037 (S.D. Fla. May 16, 2016).

Here, Defendant's request for $80.00 in witness fees consists of $40.00 for Grant Renne and $40.00 for Benito Alvarez. (ECF No. 49 at 2, 11–12). Both witnesses testified at depositions in connection with this case, and the invoices provided in connection with the Motion for Bill of Costs reflect costs for the witnesses' appearances at their respective depositions. Accordingly, I recommend that Defendant be permitted to recover $80.00 in witness fees.

      **D.    Fees of the Clerk.**

Defendant also seeks to tax $402.00 in fees paid to the Clerk of Court; specifically, the $402.00 filing fee paid in connection with removing the case to this Court. (ECF No. 49 at 17). The receipt for the filing fee is identified on the docket, (ECF No. 1), and Defendant's counsel has provided a copy of an email receipt confirming payment, (ECF No. 49 at 17). Because Defendant is entitled to the full amount of the filing fee, *see* 28 U.S.C. § 1920(1); *Mendez v. Integrated Tech Grp., LLC*, No. 18-22059-CIV, 2020 WL 6826355, at *4 (S.D. Fla. Nov. 20, 2020), I recommend that Defendant's request for filing fees in the amount of $402.00 be granted.

      **E.    Copying Fees.**

Defendant seeks $22.14 in "recoverable photocopying and printing costs." (ECF No. 49 at 18); (ECF No. 50 at 5). The cost of copying records is recoverable if "the prevailing party could

have reasonably believed that it was necessary to copy the papers at issue." *EEOC*, 213 F.3d at 623; *see also* 28 U.S.C. § 1920(4). "In this regard, '[t]he costs of photocopies attributable to discovery, as well as copies of pleadings, correspondence, copies of exhibits and copies prepared for the court may all be recoverable[.]'" *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012) (quoting *Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *6 (S.D. Fla. Feb. 9, 2012)). The "[u]se of information contained in a file is not a prerequisite to finding that it was necessary to copy the file." *EEOC*, 213 F.3d at 623.

However, the prevailing party must provide more than the mere label that the costs they seek to recover are "copying costs." *See Lebron v. Royal Caribbean Cruises, Ltd.*, No. 1:16-CV-24687-KMW, 2021 WL 3007191, at *7 (S.D. Fla. June 28, 2021), *report and recommendation adopted*, No. 16-24687-CIV, 2021 WL 3005648 (S.D. Fla. July 15, 2021) ("General copying costs without further descriptions . . . however, are not recoverable."). While Defendant is not required to articulate the specific reason for each photocopy, Defendant identifies the costs sought as related to general photocopying and printing, and provides no further explanation.

Accordingly, I recommend that Defendant's request for $22.14 in printing costs be denied. *See Roberts v. Carnival Corp.*, No. 19-CV-25281-KMM, 2021 WL 7542968, at *5 (S.D. Fla. Sept. 21, 2021) (quoting *Salvani v. Corizon Health, Inc.*, No. 17-24567-CIV, 2019 U.S. Dist. LEXIS 199373, at *10–13 (S.D. Fla. Nov. 15, 2019)) ("While prevailing parties are 'not require[d] . . . to articulate the specific reasons for each photocopy or exemplification – [they] must do more than point to an outline of the costs incurred.'").

F. **Request for Interest.**

In its Motion to Tax Attorney's Fees and Costs (ECF No. 52), Defendant requests post-

judgment interest on any award of costs. As the prevailing party, Defendant is entitled to post-judgment interest on an award of costs. *See Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1321 (S.D. Fla. 2012). Under 28 U.S.C. § 1961(a), interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Accordingly, I recommend that Defendant be awarded post-judgment interest.

### III.  RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendant Scottsdale Insurance Company's Motion for Bill of Costs (ECF No. 49) be **GRANTED in part** and **DENIED in part**, and that Defendant be awarded a total of **$2,236.40** in taxable costs, plus post-judgment interest.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 21st day of November, 2022.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: Honorable K. Michael Moore
     Counsel of record