UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-21785-KMM

MARIO MARANON,

    Plaintiff,

v.

SCOTTSDALE INSURANCE CO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendant Scottsdale Insurance Company's ("Defendant") Motion to Tax Attorney's Fees and Costs (ECF No. 52). Plaintiff Mario Maranon ("Plaintiff") failed to file a response, and the time to do so has passed; the Motion is unopposed. The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation (ECF No. 51). Having considered the unopposed Motion, the record as a whole, and being otherwise duly advised, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 52) be **GRANTED, in part,** as further set forth below.

    **I.    BACKGROUND**

This action arose from the alleged breach of an insurance policy that Defendant issued to Plaintiff for his dwelling located at 1715 West 64th Street, Hialeah, Florida 33102 (the "Property").

As set forth in the district court's Order (ECF No. 45) granting summary judgment in favor

1

of Defendant, Plaintiff initiated this action on March 1, 2021, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Plaintiff alleged that Defendant breached its insurance contract with Plaintiff when it denied his claim for water damage to the Property. According to Plaintiff, the Property "sustained a covered loss as a result of [a] sudden and accidental failure of [the] plumbing system" on February 15, 2020, when the Property was covered by Defendant's policy (effective from April 24, 2019, to April 24, 2020). Plaintiff sought judgment in the amount of $266,235.07 for damages sustained by the Property as a result of the alleged loss. On May 11, 2021, Defendant removed the case to this Court, invoking the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

On November 19, 2021, Defendant served Plaintiff with a Proposal for Settlement/Offer of Judgment to Plaintiff (ECF No. 52-1), in the amount of $10,000.00. Notice of serving the offer of settlement, pursuant to Florida Statutes § 768.79, was filed the same day. (ECF No. 25).

On February 4, 2022, Defendant moved for summary judgment, arguing that Plaintiff could not present evidence of any direct physical damage to the Property caused by water overflow or discharge during the policy period. (ECF No. 29). The district court granted the motion on April 11, 2022 (ECF No. 45), finding that the record was "bereft of any facts that a direct physical loss occurred within the Policy period." (*Id.* at 11). The district court subsequently entered Final Judgment in favor of Defendant and against Plaintiff, on April 25, 2022 (ECF No. 46). Defendant's Motion (ECF No. 52) followed.[1]

## II.   DISCUSSION

### A.   Entitlement to Attorney Fees

Because this is an action sounding in diversity, Florida's substantive offer-of-judgment

---

[1] Defendant's Motion to Tax Costs and Attorney's Fees (ECF No. 52) was filed on June 10, 2022.

statute, Florida Statutes § 768.79, and the settlement proposal set forth in Florida Rule of Civil Procedure 1.442, determine whether Defendant is entitled to an award of reasonable attorney's fees incurred since the November 19, 2021 rejected offer of judgment. *Espinoza v. Target Corp.*, No. 9:19-CV-81108, 2021 WL 3550780, at *1 (S.D. Fla. Aug. 11, 2021) (citing *McMahan v. Toto*, 311 F.3d 1077, 1082 (11th Cir. 2002)).  In civil actions for damages, as here, § 768.79 provides that where a "defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees . . . from the date of filing of the offer if the judgment is one of no liability[.]" Fla. Stat. § 768.79(1); *see also B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*, 855 F. App'x 503, 506 (11th Cir. 2021) ("Florida's offer-of-judgment statute, § 768.79, permits an award of reasonable attorney's fees where, among other scenarios, 'a plaintiff refuses to accept an offer of judgment from the defendant and the ensuing judgment is one of no liability on the part of the defendant.'" (citations omitted)).

Here, the Final Judgment is one of no liability following the district court's grant of summary judgment in Defendant's favor, and the offer of judgment was made both in compliance with Florida law and in good faith.[2]  Moreover, Plaintiff filed no response asserting that the offer of judgment failed to comply with § 768.79 or was otherwise invalid.  Accordingly, I find that Defendant is entitled to recover its reasonable attorney's fees incurred from November 19, 2021.

B.    **Fee Award**

In assessing the reasonableness of a request for attorney fees, both Florida law and Eleventh Circuit precedent apply the "lodestar" method to calculate an objective estimate of the value of an

---

[2]  Defendant attaches the offer of judgment as Exhibit A to its Motion (ECF No. 52-1), and the Notice of Serving Proposal for Settlement/Offer of Judgment on Mario Maranon may additionally be found as contemporaneously filed on the docket (ECF No. 25).

attorney's services. *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 802 (11th Cir. 2014) (citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151–52 (Fla. 1985)); *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Evidence in support of the fee applicant's request requires "sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. "Where the time or fees claimed appear excessive, or there is a lack of support for the fees claimed, 'the court may make the award on its own experience.'" *Ramirez v. Scottsdale Ins. Co.*, No. 1:20-CV-22324-JEM, 2022 WL 4096728, at *5 (S.D. Fla. Aug. 18, 2022), *report and recommendation adopted*, No. 20-22324-CIV, 2022 WL 4094562 (S.D. Fla. Sept. 7, 2022) (quoting *Norman*, 836 F.2d at 1303).

Defendant seeks $31,363.50 in fees for a total of 148.9 hours of attorney and paralegal time, which Defendant claims was billed from the date Defendant filed the offer of judgment on November 19, 2021, through the date Final Judgment was entered. In support, Defendant proffers the breakdown of the hours billed via defense counsel's declaration, which delineates that attorney Tyler C. Thompson spent 104.3 hours on the case billed at a rate of $235.00 per hour, attorney Joseph Manzo spent 13.8 hours on the case billed at a rate of $260.00 per hour, and attorney Francesco Palanda spent 0.2 hours on the case billed at a rate of $260.00 per hour. (ECF No. 52-2 at 3). The declaration further avers that 30.6 hours of paralegal time (30.4 hours of time billed

by Jamie Hodges and 0.2 hours of time billed by Gladys Bejel) was spent on the case following the offer of judgment, billed at a rate of $105.00 per hour. (*Id.*).

First, the Court finds that the requested hourly rates are reasonable.

In this District, Mr. Palanda, Mr. Manzo, and Ms. Hodges have previously been awarded fees at the requested hourly rates. *See Ramirez*, 2022 WL 4096728, at *6 (finding reasonable and awarding attorney's fees for time billed after May 1, 2021 at an hourly rate of $260.00 for attorneys Joseph Manzo and Francesco Palanda, and finding reasonable and awarding fees for paralegal time billed after May 1, 2021 at an hourly rate of $105.00 for paralegal Jamie Hodges).

The requested hourly rate of $235.00 for Mr. Thompson is, likewise, reasonable. The Declaration attached to the Motion represents that Mr. Thompson is a member of The Florida Bar and has practiced law in Florida since 2018. (ECF No. 52-2 at 3). In this District, associate attorneys with similar years of experience have been awarded fees at rates of up to $250.00 per hour. *See Lopez v. Scottsdale Ins. Co.*, No. 20-20112-CIV, 2022 WL 2119345, at *4–5 (S.D. Fla. May 26, 2022), *report and recommendation adopted*, No. 20-CV-20112, 2022 WL 2116561 (S.D. Fla. June 13, 2022) (reducing requested hourly rate of $450.00 to $250.00 per hour for an associate attorney with less than 3 years of experience and noting that $250.00 is "on the high end of the spectrum").

Further, the requested hourly rate of $105.00 for paralegal Gladys Bejel is reasonable. *See Leon v. Atlass Sys. Inc.*, No. 1:15-cv-24428, 2016 WL 1692107, at *3 (S.D. Fla. Apr. 19, 2016) (finding $135.00 per hour to be a reasonable rate for a paralegal), *report and recommendation adopted*, Order, *Leon v. Atlass Sys. Inc.*, No. 1:15-cv-24428 (S.D. Fla. May 11, 2016), ECF No. 20.

Second, the Court finds that Defendant is not entitled to fees incurred for 148.9 hours of attorney and paralegal time and the award of fees must be reduced.

A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed. *Id.* at 1301. Fee applicants must exercise "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours from their fee petitions. *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). When fee applicants fail to exercise billing judgment, the court is obligated to do it for them. *Id.* Thus, when a request for attorneys' fees is unreasonably high, the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut," but it cannot do both. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008).

As noted above, Defendant claims it requests an award of fees for attorney and paralegal time incurred from the offer of judgment on November 19, 2021, to the entry of Final Judgment on April 25, 2022. In support, Defendant has provided the Court with two invoices (dated January 31, 2022, and March 31, 2022) containing time entries for October 13, 2021, through February 25, 2022, which is not consistent with Defendant's request. (ECF No. 52-2 at 7–40). Here, the two invoices together reflect a total amount of $31,363.50—the total amount of fees requested in the instant Motion. However, Defendant cannot recover attorney fees incurred from before the offer of judgment on November 19, 2021. Thus, based on the documentation substantiating Defendant's request for an award of fees, Defendant may only recover fees for attorney and paralegal time incurred from November 19, 2021, to February 25, 2022, inclusive, comprising a maximum of $28,574.00 in fees incurred. *See Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1360–61 (S.D. Fla. 2010) ("The case law is clear that a prevailing party is entitled to recover their attorney's fees going back to the date the offer of judgment was served.").

Further, the Court has reviewed counsel's itemized time entries as invoiced for the time period of November 19, 2021, to February 25, 2022, to determine whether the number of hours expended was reasonable in light of the task performed. The Court credits those entries that provide the requisite level of specificity.

However, to the extent any entry lacks the requisite specificity or is for a task that is not compensable, the Court has deducted such time from the maximum fee award. For example, the Court has deducted time spent on administrative and clerical tasks, such as communicating with the process server and reviewing a scheduling order for deadlines, *e.g.*, (ECF No. 52-2 at 16), as such fees are not recoverable or are not necessary. *Gonzalez v. Yoblendz Int'l, LLC*, No. 15-61678-CIV, 2016 WL 9225573, at *1 (S.D. Fla. June 20, 2016) ("It is well-established that clerical work such as coordinating schedules and housekeeping matters are not to be included in an attorney's fee award, even if an attorney conducted those tasks."). Likewise, the Court has deducted attorney time spent preparing summaries of depositions. *E.g.*, (ECF No. 52-2 at 38); *cf. Watson v. Wal-Mart Stores, Inc.*, No. 4:03CV402RH/WCS, 2005 WL 1266686, at *3 n.9 (N.D. Fla. May 25, 2005) (permitting, *in 2005*, a reduced award of fees for paralegal time spent summarizing deposition transcripts, but questioning the necessity of summarizing transcripts, as "[s]earchable transcripts are now readily available, and laptop computers on counsel table are commonplace").

The Court has also deducted time supported by entries that do not provide sufficient detail to determine the reasonableness of the time expended, either because the entries are too vague, *e.g.*, (ECF No. 52-2 at 14) ("Perform review of documents"); (*id.* at 18) ("Review"), or because redactions, in whole or in part, impede the Court's ability to the determine the necessity of the task performed. *E.g.*, (*id.* at 13, 16–17) (completely redacted); (*id.* at 21) ("Commence a detailed review and analysis of [REDACTED] being provided [REDACTED]."); *see Mendez v. Integrated*

*Tech Grp., LLC*, No. 18-22059-CIV, 2020 WL 6826355, at *8 (S.D. Fla. Nov. 20, 2020) ("The Court also finds that additional fee reductions are warranted based on time entries that are too vague to determine the necessity of the task[.]"); *Tiara Condo. Ass'n, Inc.*, 697 F. Supp. 2d at 1367 n.15 (citation omitted) ("[T]he Court also rejects any entries that are completely redacted.").

And, the Court has deducted time for duplicative entries, both for actually duplicative entries, (ECF No. 52-2 at 20–21), and for multiple attorneys billing for completing essentially the same tasks. *E.g.*, (*id.* at 30–31, 35); *see Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1304 (S.D. Fla. 2015) ("While there is nothing inherently unreasonable about a client relying on multiple attorneys, the fee applicant must establish that the time spent reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple lawyer litigation.").

Based on these fee reductions, the Court finds that Defendant is entitled to recover the following:

| Attorney or Paralegal | Hours Requested | Fee Requested | Hours Awarded | Hourly Rate | Fee Awarded |
|---|---|---|---|---|---|
| Francisco Palanda, Esq. | 0.2 | $52.00 | 0 | $260.00 | $0.00 |
| Gladys Bejel | 0.2 | $21.00 | 0.2 | $105.00 | $21.00 |
| Jamie Hodges | 30.4 | $3,192.00 | 13.4 | $105.00 | $1,407.00 |
| Joseph V. Manzo, Esq. | 13.8 | $3,588.00 | 8.7 | $260.00 | $2,262.00 |
| Tyler C. Thompson, Esq. | 104.3 | $24510.50 | 82.3 | $235.00 | $19,340.50 |
| **Total** | **148.9** | **$31,363.50** | **104.6**[3] | | **$23,030.50** |

A table identifying the reason for each deduction is attached as Exhibit "A" to this Report and Recommendation.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendant Scottsdale Insurance Company's Motion to Tax Attorney's Fees and Costs (ECF No. 52) be

---

[3] This represents an approximately 30-percent reduction in the number of hours expended.

8

**GRANTED, in part**, and that Defendant be awarded a total of **$23,030.50** in attorney's fees.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITED** in Chambers at Miami, Florida, this 1st day of December, 2022.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable K. Michael Moore
      Counsel of record

## EXHIBIT "A"

| Date | Biller | Hours Requested | Hourly Rate | Fee Requested | Hours Awarded | Fee Awarded | Reason for Reduction, As Applicable |
|---|---|---|---|---|---|---|---|
| 10/13/2021 | JLH | 1.3 | $105.00 | $136.50 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 10/14/2021 | JLH | 0.3 | $105.00 | $31.50 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 10/14/2021 | JLH | 0.3 | $105.00 | $31.50 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 10/15/2021 | JLH | 0.1 | $105.00 | $10.50 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 10/19/2021 | JLH | 0.3 | $105.00 | $31.50 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 10/29/2021 | TT | 0.3 | $235.00 | $70.50 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 11/1/2021 | TT | 0.4 | $235.00 | $94.00 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 11/5/2021 | TT | 0.4 | $235.00 | $94.00 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 11/8/2021 | JLH | 0.3 | $105.00 | $31.50 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 11/9/2021 | TT | 1.4 | $235.00 | $329.00 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 11/12/2021 | JVM | 1.1 | $260.00 | $286.00 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 11/12/2021 | JVM | 0.9 | $260.00 | $234.00 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 11/12/2021 | JVM | 0.5 | $260.00 | $130.00 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 11/12/2021 | TT | 1.1 | $235.00 | $258.50 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 11/12/2021 | TT | 0.8 | $235.00 | $188.00 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 11/15/2021 | JLH | 0.2 | $105.00 | $21.00 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 11/16/2021 | JLH | 0.3 | $105.00 | $31.50 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 11/16/2021 | JLH | 3.4 | $105.00 | $357.00 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 11/16/2021 | JLH | 0.4 | $105.00 | $42.00 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 11/17/2021 | FP | 0.2 | $260.00 | $52.00 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 11/17/2021 | TT | 0.7 | $235.00 | $164.50 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 11/17/2021 | TT | 0.3 | $235.00 | $70.50 | 0 | $0.00 | Incurred Before Offer of Judgment |
| 11/17/2021 | TT | 0.4 | $235.00 | $94.00 | 0 | $0.00 | Incurred Before Offer of Judgment |

| Date | Biller | Hours Requested | Hourly Rate | Fee Requested | Hours Awarded | Fee Awarded | Reason for Reduction, As Applicable |
|---|---|---|---|---|---|---|---|
| 11/19/2021 | JVM | 1.1 | $260.00 | $286.00 | 1.1 | $286.00 | |
| 11/19/2021 | JVM | 1.9 | $260.00 | $494.00 | 1.9 | $494.00 | |
| 11/19/2021 | TT | 1.7 | $235.00 | $399.50 | 0 | $0.00 | Duplicate Entry - Only one attorney may bill for time incurred in connection with this entry; non-duplicative value not explained. |
| 11/19/2021 | TT | 1.4 | $235.00 | $329.00 | 0 | $0.00 | Duplicate Entry - Only one attorney may bill for time incurred in connection with this entry; non-duplicative value not explained. |
| 11/22/2021 | TT | 2.3 | $235.00 | $540.50 | 2.3 | $540.50 | |
| 11/23/2021 | TT | 1.8 | $235.00 | $423.00 | 1.8 | $423.00 | |
| 11/23/2021 | TT | 1.9 | $235.00 | $446.50 | 0 | $0.00 | Excessive Number of Hours for this Task |
| 11/24/2021 | JVM | 1.3 | $260.00 | $338.00 | 1.3 | $338.00 | |
| 11/24/2021 | TT | 0.3 | $235.00 | $70.50 | 0.3 | $70.50 | |
| 11/29/2021 | TT | 0.3 | $235.00 | $70.50 | 0.3 | $70.50 | |
| 12/1/2021 | JLH | 0.5 | $105.00 | $52.50 | 0.5 | $52.50 | |
| 12/1/2021 | TT | 0.7 | $235.00 | $164.50 | 0 | $0.00 | Insufficient Detail |
| 12/3/2021 | JLH | 0.9 | $105.00 | $94.50 | 0 | $0.00 | Insufficient Detail |
| 12/3/2021 | JLH | 0.2 | $105.00 | $21.00 | 0.2 | $21.00 | |
| 12/3/2021 | JLH | 0.1 | $105.00 | $10.50 | 0.1 | $10.50 | |
| 12/3/2021 | JLH | 0.5 | $105.00 | $52.50 | 0.2 | $21.00 | Insufficient Detail |
| 12/6/2021 | JLH | 1 | $105.00 | $105.00 | 0.7 | $73.50 | Time Billed Not Consistent with Time Itemized in Billing Entry |
| 12/6/2021 | JLH | 0.2 | $105.00 | $21.00 | 0 | $0.00 | Insufficient Detail |
| 12/6/2021 | TT | 0.5 | $235.00 | $117.50 | 0.5 | $117.50 | |
| 12/7/2021 | JLH | 0.3 | $105.00 | $31.50 | 0.3 | $31.50 | |
| 12/7/2021 | TT | 1.7 | $235.00 | $399.50 | 0 | $0.00 | Insufficient Detail |
| 12/8/2021 | JLH | 0.3 | $105.00 | $31.50 | 0.3 | $31.50 | |
| 12/8/2021 | JLH | 0.1 | $105.00 | $10.50 | 0.1 | $10.50 | |
| 12/8/2021 | TT | 2.2 | $235.00 | $517.00 | 2.2 | $517.00 | |
| 12/8/2021 | TT | 0.2 | $235.00 | $47.00 | 0.2 | $47.00 | |
| 12/8/2021 | TT | 1.3 | $235.00 | $305.50 | 0 | $0.00 | Insufficient Detail |
| 12/9/2021 | JLH | 0.1 | $105.00 | $10.50 | 0 | $0.00 | Administrative, Non-Attorney Task |
| 12/9/2021 | JLH | 1.6 | $105.00 | $168.00 | 1.6 | $168.00 | |
| 12/10/2021 | JLH | 0.2 | $105.00 | $21.00 | 0.2 | $21.00 | |
| 12/13/2021 | JLH | 0.6 | $105.00 | $63.00 | 0.3 | $31.50 | Insufficient Detail |
| 12/13/2021 | JLH | 1.4 | $105.00 | $147.00 | 0 | $0.00 | Insufficient Detail |

| Date | Biller | Hours Requested | Hourly Rate | Fee Requested | Hours Awarded | Fee Awarded | Reason for Reduction, As Applicable |
|---|---|---|---|---|---|---|---|
| 12/13/2021 | JLH | 0.2 | $105.00 | $21.00 | 0 | $0.00 | Insufficient Detail |
| 12/13/2021 | TT | 0.4 | $235.00 | $94.00 | 0.4 | $94.00 | |
| 12/13/2021 | TT | 0.6 | $235.00 | $141.00 | 0 | $0.00 | Insufficient Detail |
| 12/13/2021 | TT | 0.2 | $235.00 | $47.00 | 0 | $0.00 | Insufficient Detail |
| 12/14/2021 | JLH | 1.2 | $105.00 | $126.00 | 1.2 | $126.00 | |
| 12/14/2021 | TT | 0.6 | $235.00 | $141.00 | 0.6 | $141.00 | |
| 12/14/2021 | TT | 0.6 | $235.00 | $141.00 | 0.6 | $141.00 | |
| 12/14/2021 | TT | 0.4 | $235.00 | $94.00 | 0 | $0.00 | Insufficient Detail |
| 12/15/2021 | JLH | 0.7 | $105.00 | $73.50 | 0.5 | $52.50 | Insufficient Detail |
| 12/15/2021 | TT | 1.8 | $235.00 | $423.00 | 1.8 | $423.00 | |
| 12/15/2021 | TT | 0.5 | $235.00 | $117.50 | 0.5 | $117.50 | |
| 12/15/2021 | TT | 1.1 | $235.00 | $258.50 | 1.1 | $258.50 | |
| 12/16/2021 | JLH | 0.9 | $105.00 | $94.50 | 0.9 | $94.50 | |
| 12/16/2021 | JLH | 0.3 | $105.00 | $31.50 | 0.3 | $31.50 | |
| 12/16/2021 | JLH | 0.3 | $105.00 | $31.50 | 0.3 | $31.50 | |
| 12/16/2021 | JLH | 0.3 | $105.00 | $31.50 | 0.3 | $31.50 | |
| 12/16/2021 | TT | 1.2 | $235.00 | $282.00 | 1.2 | $282.00 | |
| 12/16/2021 | TT | 1.4 | $235.00 | $329.00 | 1.4 | $329.00 | |
| 12/17/2021 | JLH | 0.6 | $105.00 | $63.00 | 0.6 | $63.00 | |
| 12/17/2021 | JLH | 0.6 | $105.00 | $63.00 | 0 | $0.00 | Duplicate Entry |
| 12/17/2021 | JLH | 0.1 | $105.00 | $10.50 | 0.1 | $10.50 | |
| 12/17/2021 | JLH | 0.1 | $105.00 | $10.50 | 0 | $0.00 | Insufficient Detail |
| 12/17/2021 | JLH | 0.8 | $105.00 | $84.00 | 0 | $0.00 | Insufficient Detail |
| 12/17/2021 | JLH | 2.5 | $105.00 | $262.50 | 0 | $0.00 | Insufficient Detail |
| 12/17/2021 | TT | 1.1 | $235.00 | $258.50 | 0 | $0.00 | Insufficient Detail |
| 12/17/2021 | TT | 0.6 | $235.00 | $141.00 | 0.6 | $141.00 | |
| 12/17/2021 | TT | 1.7 | $235.00 | $399.50 | 1.7 | $399.50 | |
| 12/17/2021 | TT | 0.7 | $235.00 | $164.50 | 0.7 | $164.50 | |
| 12/20/2021 | GB | 0.2 | $105.00 | $21.00 | 0.2 | $21.00 | |
| 12/20/2021 | TT | 1.8 | $235.00 | $423.00 | 1.8 | $423.00 | |
| 12/20/2021 | TT | 1.7 | $235.00 | $399.50 | 1.7 | $399.50 | |
| 12/20/2021 | TT | 0.8 | $235.00 | $188.00 | 0.8 | $188.00 | |
| 12/21/2021 | TT | 0.4 | $235.00 | $94.00 | 0.4 | $94.00 | |
| 12/21/2021 | TT | 0.2 | $235.00 | $47.00 | 0 | $0.00 | Insufficient Detail |
| 1/3/2022 | TT | 0.4 | $235.00 | $94.00 | 0.4 | $94.00 | |
| 1/3/2022 | TT | 1.9 | $235.00 | $446.50 | 1.9 | $446.50 | |
| 1/3/2022 | TT | 1.8 | $235.00 | $423.00 | 1.8 | $423.00 | |
| 1/4/2022 | JLH | 0.7 | $105.00 | $73.50 | 0 | $0.00 | Insufficient Detail |
| 1/4/2022 | JLH | 0.3 | $105.00 | $31.50 | 0.3 | $31.50 | |
| 1/4/2022 | JLH | 0.4 | $105.00 | $42.00 | 0.4 | $42.00 | |

| Date | Biller | Hours Requested | Hourly Rate | Fee Requested | Hours Awarded | Fee Awarded | Reason for Reduction, As Applicable |
|---|---|---|---|---|---|---|---|
| 1/4/2022 | TT | 0.9 | $235.00 | $211.50 | 0.9 | $211.50 | |
| 1/4/2022 | TT | 0.9 | $235.00 | $211.50 | 0.9 | $211.50 | |
| 1/5/2022 | JLH | 0.4 | $105.00 | $42.00 | 0.4 | $42.00 | |
| 1/5/2022 | JLH | 0.1 | $105.00 | $10.50 | 0 | $0.00 | Insufficient Detail |
| 1/5/2022 | JLH | 0.1 | $105.00 | $10.50 | 0.1 | $10.50 | |
| 1/5/2022 | TT | 1.8 | $235.00 | $423.00 | 1.8 | $423.00 | |
| 1/5/2022 | TT | 1.5 | $235.00 | $352.50 | 1.5 | $352.50 | |
| 1/5/2022 | TT | 0.9 | $235.00 | $211.50 | 0.9 | $211.50 | |
| 1/5/2022 | TT | 0.8 | $235.00 | $188.00 | 0.8 | $188.00 | |
| 1/6/2022 | JLH | 0.3 | $105.00 | $31.50 | 0.3 | $31.50 | |
| 1/6/2022 | JLH | 0.3 | $105.00 | $31.50 | 0 | $0.00 | Insufficient Detail |
| 1/6/2022 | TT | 0.6 | $235.00 | $141.00 | 0.6 | $141.00 | |
| 1/6/2022 | TT | 0.5 | $235.00 | $117.50 | 0.5 | $117.50 | |
| 1/6/2022 | TT | 0.7 | $235.00 | $164.50 | 0.7 | $164.50 | |
| 1/6/2022 | TT | 0.6 | $235.00 | $141.00 | 0.6 | $141.00 | |
| 1/6/2022 | TT | 1.3 | $235.00 | $305.50 | 1.3 | $305.50 | |
| 1/7/2022 | JLH | 0.3 | $105.00 | $31.50 | 0.3 | $31.50 | |
| 1/7/2022 | TT | 0.8 | $235.00 | $188.00 | 0.8 | $188.00 | |
| 1/7/2022 | TT | 2.2 | $235.00 | $517.00 | 2.2 | $517.00 | |
| 1/7/2022 | TT | 1.3 | $235.00 | $305.50 | 1.3 | $305.50 | |
| 1/10/2022 | JLH | 0.2 | $105.00 | $21.00 | 0.2 | $21.00 | |
| 1/10/2022 | TT | 1.6 | $235.00 | $376.00 | 1.6 | $376.00 | |
| 1/10/2022 | TT | 0.7 | $235.00 | $164.50 | 0.7 | $164.50 | |
| 1/11/2022 | TT | 0.4 | $235.00 | $94.00 | 0 | $0.00 | Insufficient Detail |
| 1/12/2022 | JLH | 0.2 | $105.00 | $21.00 | 0.2 | $21.00 | |
| 1/12/2022 | JVM | 0.8 | $260.00 | $208.00 | 0 | $0.00 | Duplicate Entry - Only one attorney may bill for time incurred in connection with this entry; non-duplicative value not explained. |
| 1/12/2022 | TT | 0.5 | $235.00 | $117.50 | 0.5 | $117.50 | |
| 1/12/2022 | TT | 0.5 | $235.00 | $117.50 | 0 | $0.00 | Insufficient Detail |
| 1/12/2022 | TT | 0.8 | $235.00 | $188.00 | 0.8 | $188.00 | |
| 1/12/2022 | TT | 0.6 | $235.00 | $141.00 | 0.6 | $141.00 | |
| 1/13/2022 | JLH | 0.2 | $105.00 | $21.00 | 0.2 | $21.00 | |
| 1/13/2022 | JLH | 0.1 | $105.00 | $10.50 | 0.1 | $10.50 | |
| 1/14/2022 | JLH | 0.3 | $105.00 | $31.50 | 0.3 | $31.50 | |
| 1/14/2022 | TT | 1.9 | $235.00 | $446.50 | 1.9 | $446.50 | |
| 1/14/2022 | TT | 2.4 | $235.00 | $564.00 | 2.4 | $564.00 | |
| 1/14/2022 | TT | 1.6 | $235.00 | $376.00 | 1.6 | $376.00 | |

| Date | Biller | Hours Requested | Hourly Rate | Fee Requested | Hours Awarded | Fee Awarded | Reason for Reduction, As Applicable |
|---|---|---|---|---|---|---|---|
| 1/19/2022 | JLH | 0.1 | $105.00 | $10.50 | 0.1 | $10.50 | |
| 1/24/2022 | TT | 0.5 | $235.00 | $117.50 | 0 | $0.00 | Insufficient Detail |
| 1/24/2022 | TT | 0.7 | $235.00 | $164.50 | 0.7 | $164.50 | |
| 1/24/2022 | TT | 1.4 | $235.00 | $329.00 | 1.4 | $329.00 | |
| 1/25/2022 | JLH | 0.2 | $105.00 | $21.00 | 0 | $0.00 | Insufficient Detail |
| 1/25/2022 | TT | 0.5 | $235.00 | $117.50 | 0 | $0.00 | Insufficient Detail |
| 1/25/2022 | TT | 0.4 | $235.00 | $94.00 | 0 | $0.00 | Insufficient Detail |
| 1/26/2022 | TT | 0.9 | $235.00 | $211.50 | 0 | $0.00 | Insufficient Detail |
| 1/27/2022 | TT | 0.4 | $235.00 | $94.00 | 0.4 | $94.00 | |
| 1/27/2022 | TT | 1.6 | $235.00 | $376.00 | 1.6 | $376.00 | |
| 1/28/2022 | JLH | 0.1 | $105.00 | $10.50 | 0.1 | $10.50 | |
| 1/28/2022 | TT | 1.6 | $235.00 | $376.00 | 1.6 | $376.00 | |
| 1/31/2022 | TT | 1.3 | $235.00 | $305.50 | 1.3 | $305.50 | |
| 1/31/2022 | TT | 2.1 | $235.00 | $493.50 | 2.1 | $493.50 | |
| 2/1/2022 | JLH | 0.1 | $105.00 | $10.50 | 0 | $0.00 | Administrative, Non-Attorney Task |
| 2/1/2022 | TT | 1.3 | $235.00 | $305.50 | 1.3 | $305.50 | |
| 2/1/2022 | TT | 3.8 | $235.00 | $893.00 | 3.8 | $893.00 | |
| 2/2/2022 | JVM | 1.8 | $260.00 | $468.00 | 0 | $0.00 | Duplicate Entry - Only one attorney may bill for time incurred in connection with this entry; non-duplicative value not explained |
| 2/3/2022 | TT | 1.8 | $235.00 | $423.00 | 1.8 | $423.00 | |
| 2/3/2022 | TT | 1.9 | $235.00 | $446.50 | 1.9 | $446.50 | |
| 2/3/2022 | TT | 1.8 | $235.00 | $423.00 | 1.8 | $423.00 | |
| 2/3/2022 | TT | 1.1 | $235.00 | $258.50 | 1.1 | $258.50 | |
| 2/4/2022 | JVM | 2.2 | $260.00 | $572.00 | 2.2 | $572.00 | |
| 2/4/2022 | JVM | 1.6 | $260.00 | $416.00 | 1.6 | $416.00 | |
| 2/4/2022 | JVM | 0.4 | $260.00 | $104.00 | 0.4 | $104.00 | |
| 2/4/2022 | TT | 1.8 | $235.00 | $423.00 | 1.8 | $423.00 | |
| 2/4/2022 | TT | 0.3 | $235.00 | $70.50 | 0.3 | $70.50 | |
| 2/4/2022 | TT | 0.5 | $235.00 | $117.50 | 0.5 | $117.50 | |
| 2/8/2022 | JLH | 0.2 | $105.00 | $21.00 | 0 | $0.00 | Insufficient Detail |
| 2/8/2022 | TT | 0.4 | $235.00 | $94.00 | 0.4 | $94.00 | |
| 2/9/2022 | JLH | 0.2 | $105.00 | $21.00 | 0.1 | $10.50 | Insufficient Detail |
| 2/9/2022 | TT | 0.2 | $235.00 | $47.00 | 0.2 | $47.00 | |
| 2/10/2022 | JLH | 0.3 | $105.00 | $31.50 | 0.3 | $31.50 | |
| 2/10/2022 | TT | 0.3 | $235.00 | $70.50 | 0.3 | $70.50 | |
| 2/11/2022 | JLH | 0.3 | $105.00 | $31.50 | 0.3 | $31.50 | |
| 2/15/2022 | TT | 0.7 | $235.00 | $164.50 | 0.7 | $164.50 | |

| Date | Biller | Hours Requested | Hourly Rate | Fee Requested | Hours Awarded | Fee Awarded | Reason for Reduction, As Applicable |
|---|---|---|---|---|---|---|---|
| 2/16/2022 | TT | 1.9 | $235.00 | $446.50 | 1.9 | $446.50 | |
| 2/17/2022 | JLH | 0.4 | $105.00 | $42.00 | 0.3 | $31.50 | Insufficient Detail |
| 2/17/2022 | TT | 0.5 | $235.00 | $117.50 | 0.5 | $117.50 | |
| 2/17/2022 | TT | 0.9 | $235.00 | $211.50 | 0.9 | $211.50 | |
| 2/18/2022 | JLH | 0.1 | $105.00 | $10.50 | 0.1 | $10.50 | |
| 2/21/2022 | TT | 0.5 | $235.00 | $117.50 | 0.5 | $117.50 | |
| 2/22/2022 | TT | 1.6 | $235.00 | $376.00 | 1.6 | $376.00 | |
| 2/22/2022 | TT | 0.5 | $235.00 | $117.50 | 0 | $0.00 | Summaries Not Compensable |
| 2/22/2022 | TT | 0.4 | $235.00 | $94.00 | 0 | $0.00 | Insufficient Detail |
| 2/23/2022 | JLH | 0.4 | $105.00 | $42.00 | 0.3 | $31.50 | Insufficient Detail |
| 2/24/2022 | JLH | 0.6 | $105.00 | $63.00 | 0.3 | $31.50 | Insufficient Detail |
| 2/25/2022 | JVM | 0.2 | $260.00 | $52.00 | 0.2 | $52.00 | |
| 2/25/2022 | TT | 0.4 | $235.00 | $94.00 | 0 | $0.00 | Duplicate Entry - Only one attorney may bill for time incurred in connection with this entry; non-duplicative value not explained. |
| 2/25/2022 | TT | 0.5 | $235.00 | $117.50 | 0 | $0.00 | Summaries Not Compensable |